**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2012

No. 11-30914

Lyle W. Cayce
Clerk

KIMBERLY M. JOHNSON,

Plaintiff - Appellant

v.

MAESTRI-MURRELL PROPERTY MANAGEMENT, LLC,

Defendant - Appellee

Appeal from the United States District Court
Middle District of Louisiana
(3:09-CV-638)

Before JONES, Chief Judge, and WIENER and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kimberly M. Johnson commenced this action alleging that Maestri-Murrell Property Management, LLC ("Maestri-Murrell") failed to hire her for the position of assistant manager at Azalea Point Apartments ("Azalea Point") on the basis of her race, African American, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). The United States Equal Employment Opportunity Commission ("EEOC") determined that there was reasonable cause to believe that Maestri-Murrell violated Title VII. After the EEOC unsuccessfully

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30914

attempted to conciliate the dispute, it advised Johnson of her right to institute a civil action in federal court and Johnson commenced this law suit. The district court granted summary judgment in favor of Maestri-Murrell. Johnson appealed. We REVERSE and REMAND.

## Facts and Procedural History

On December 19, 2006, Johnson submitted a resume for an assistant manager position at Azalea Point. The resume was submitted to the manager, Connie Kimball. Kimball apparently considered every resume save Johnson's, as evidenced by Kimball's notes on all other applicants' resumes. According to testimony from the outgoing assistant manager, Stacy Lyn Curtis, Kimball did not think that Maestri-Murrell wanted to have an African American assistant manager at Azalea Point, which primarily housed college students from the nearby Louisiana State University in Baton Rouge. Ultimately, Maestri-Murrell did not hire Johnson for the position. Instead, Maestri-Murrell selected Jamie Cedatol, a Caucasian and the daughter of Lisa Theriot, Kimball's supervisor. Cedatol began work either on January 7, 2007, or January 8, 2007, the date of Cedatol's application.

On January 27, 2007, Johnson filed her race discrimination claim with the EEOC. On June 30, 2008, the EEOC issued its determination letter, which states, in relevant part:

> All requirements for coverage have been met. Charging Party [here, Johnson] alleges she was denied employment as an Assistant Manager because of her race, Black, in violation of Title VII.
>
> The investigation revealed Charging Party applied for the position of Assistant Manager. Respondent claims Charging Party was not hired because she didn't have property management experience. Analysis of the applications shows the individual hired by Respondent didn't have property management experience either. Charging Party's resume shows she had a wider variety and more office work related skills than the individual hired. The individual hired by Respondent is White and is less

2

qualified than Charging Party. Testimony showed Charging Party was not selected for Assistant Manager because Respondent's clients are predominantly White students from the nearby Louisiana State University. The Respondent believed the students parents would object to having a Black as Assistant Manager. The statute prohibits race discrimination based on customer preference. Therefore, I find that there is reasonable cause to believe that Title VII was violated.

On August 12, 2009, Johnson filed her Title VII complaint in the district court. On November 17, 2010, Curtis testified via deposition that Maestri-Murrell did not hire Johnson because of Johnson's race:

Q    And so you don't know when this was that you went into Connie's office and the resume – she said she had the resume on her desk?
A    No, ma'am.
Q    And so what did y'all discuss in that conversation?
A    Just whenever Connie -- the first thing she asked me was whether or not Kim was black, and I kind of was like, well, I think so, but why; and she said that she didn't think that they were going to want to hire someone who was black.
. . .

Q    I'm sorry. Connie's comment was what?
A    She -- she said that she didn't think that they would want to hire someone who was black.
Q    Who was she referring to?
A    The company.

Curtis also testified that she talked to Kimball about Johnson's application about one week after the facsimile arrived — which would have been on or about December 26, 2006 — approximately a week and a half prior to Cedatol's application submission. Curtis further testified that, although she knew Theriot had a daughter, Curtis did not know who Maestri-Murrell hired.

Linda Jackson, the Vice President of Maestri-Murrell, testified that she did not recall when she talked to Theriot about Cedatol or when Jackson approved hiring Cedatol. Jackson testified that she had probably interviewed Cedatol by the time she completed her application. However, Jackson did not

explain the reasons she did not have Cedatol complete the application at or prior to the interview.

## Analysis

### I.    Standard of Review

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Equal Emp. Opportunity Comm'n v. WC&M Enters.*, 496 F.3d 393, 397-98 (5th Cir. 2007). A party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing FED.R.CIV.P. 56(c)). A genuine issue of material fact exists when the evidence is such that, viewing the record as a whole, a reasonable jury could return a verdict for the non-moving party. *Dediol v. Best Chevrolet, Inc.* 655 F.3d 435, 439 (5th Cir. 2011). In reviewing a summary judgment motion, the court must "refrain from making credibility determinations or weighing the evidence," *WC&M*, 396 F.3d at 398, and must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Id.*; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986) (noting that summary judgment is inappropriate if the evidence is such that disputed issues can be resolved in favor of either party).

### II.    Evidence of Racial Discrimination

"It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e-2(a)(1). "Title VII does not affirmatively require direct evidence from a plaintiff . . ." *Smith v. Xerox Corp.*,

602 F.3d 320, 332 (5th Cir. 2010).  In cases such as this one where the allegation is that the employer intentionally discriminated against the individual based on her race, discrimination can be established either circumstantially or directly. *See Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Portis v. First Nat'l Bank of New Albany, MS*, 34 F.3d 325, 328 (5th Cir. 1994)).

Whether or not the evidence is deemed direct or circumstantial or both, it is clear that Johnson has established a prima facie case of racial discrimination, and the district court should have denied Maestri-Murrell's summary judgment motion.  "[T]he reason for treating circumstantial and direct evidence the same is deeply rooted in the notion that circumstantial evidence may often be more persuasive." *Xerox*, 602 F.3d at 331 (citation omitted).  This case presents direct evidence of racial discrimination – sworn deposition testimony by Curtis that Kimball stated to her that she did not think that Maestri-Murrell wanted an African American as assistant manager at Azalea Point.

The district court erred in disregarding Kimball's alleged comments that Maestri-Murrell would not consider hiring an African American.  To the contrary, the comments provide, at a minimum, evidence sufficient to defeat summary judgment. *See Patrick v. Ridge*, 394 F.3d 311, 319-21 (5th Cir. 2004). The district court disregarded the remarks because, in its opinion, Johnson failed to "demonstrate that the decision to hire Cedatol was made after the occurrence of the alleged discriminatory comment" and, so, Johnson "failed to demonstrate a causal connection between such remark and defendant's selection of Cedatol for the job."  The relevant inquiry is whether or not there was discrimination that resulted in Johnson not being considered for the job.  The remarks, if true, provide evidence of discrimination.  Hence, the timing of the remarks is much less important than the content of the remarks.  In other words, the significant fact to be determined is whether or not unlawful discrimination was involved in the decision made by Maestri-Murrell.

No. 11-30914

The law requires Johnson to present sufficient evidence to raise a triable issue of fact. *See* FED.R.CIV.P. 56(a). On summary judgment, the district court was required to view the evidence and draw all reasonable inferences from the evidence in the light most favorable to Johnson. *See WC&M*, 496 F.3d at 397-98. The evidence included Johnson's resume, which, unlike other resumes that Maestri Murrell supplied during the EEOC's investigation and discovery, had no comments written on it by Kimball indicating her views. It also included the Curtis deposition. Viewing all of this evidence and drawing all reasonable inferences from it in Johnson's favor, a jury could reasonably find that Kimball had screened Johnson out based on race prior to hiring Cedatol.

We make no determination as to the merits of Johnson's claims, only that summary judgment was wrongfully granted because there are genuine issues of material fact. To withstand a motion for summary judgment, Johnson need not carry the burden of persuasion but simply adduce sufficient evidence, viewed in the light most favorable to her, to allow the jury to find in her favor. *See Dediol*, 655 F.3d at 439; *WC&M*, 396 F.3d at 397-98; *see also Anderson*, 477 U.S. at 249-51. Here, a jury could find that – based on the testimony by Curtis regarding what Kimball said about Johnson's race, the fact that Johnson's resume had no markings on it, and the fact that Maestri-Murrell hired a Caucasian – Maestri-Murrell failed to hire Johnson because of her race.

## III. *McDonnell Douglas* Framework

"[I]t is abundantly clear that Title VII tolerates no racial discrimination, subtle or otherwise." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801, 93 S. Ct. 1817 (1973). An intentional discrimination claim like this one is normally analyzed using the three-step burden-shifting proof framework. *Id*. at 792. First, the plaintiff makes out a prima facie case:

> The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that [she] belongs to a racial minority; (ii) that

6

No. 11-30914

[she] applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite [her] qualifications, [she] was rejected; and (iv) that, after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*Id*. at 802.  Second, the burden then shifts to the defendant to produce evidence that the challenged employment decision was made for a "legitimate, non-discriminatory reason."  *Id*. at 803.  Third, the burden shifts back to the plaintiff to prove intentional discrimination with evidence that the legitimate reason offered by the defendant was not the true reason, but was a pretext for discrimination.  *Reeves v. Sanderson Plumbing Prods., Inc.* 530 U.S. 133, 142-43 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Here, Johnson bases her racial discrimination claim for the most part, although not entirely, on testimony by Curtis that Kimball set her application aside, stating that she doubted that Maestri-Murrell would hire an African American person to assist in managing Azalea Point.  Analyzing Johnson's claim pursuant to *McDonnell Douglas*, the district court granted summary judgment to Maestri-Murrell, finding that Johnson failed to carry her burden of demonstrating a prima facie case.  In rejecting Johnson's claim, the district court held that, because the claim involved a failure to hire, Johnson was required to prove that she was "rejected for the position" and that "the employer continued to seek applicants" after her rejection.  *See Johnson v. Louisiana*, 351 F.3d 616, 621-22 (5th Cir. 2003) (citation omitted).

However, in a failure-to-hire case like this one, a plaintiff may raise the inference with evidence, for example, that she did not get a position that she was seeking and the position was filled by someone from outside her protected class.  *Davis v. Chevron*, 14 F.3d 1082, 1087 (5th Cir. 1994) (failure to hire).  A plaintiff may create a prima facie case with evidence that "she applied for an available

position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Burdine*, 450 U.S. at 253.

Here, Johnson applied for the position of assistant manager. Curtis testified that Kimball stated that she believed that Maestri-Murrell did not want an African American assistant manager at Azalea Point. Kimball made no marks on Johnson's resume, as she did on other resumes. Maestri-Murrell ultimately hired Cedatol, a Caucasian, on or shortly after the date that Cedatol submitted her application. Therefore, the district court should have concluded that Johnson satisfied her prima facie burden by showing that Maestri-Murrell did not hire her, an African American, for a position for which she applied and appeared to be qualified, but instead hired Cedatol, a Caucasian, under circumstances which give rise to a reasonable inference of unlawful discrimination.

## Conclusion

There are genuine issues of material facts sufficient to defeat a motion for summary judgment. Accordingly, we conclude that the district court should have denied Maestri-Murrell's summary judgment motion and allowed this case to proceed towards trial. REVERSED and REMANDED for further proceedings consistent with this opinion.