# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2014

Lyle W. Cayce
Clerk

No. 12-31175

KIMBERLY M. JOHNSON,

Plaintiff–Appellant

v.

MAESTRI MURRELL PROPERTY MANAGEMENT,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-638

Before BARKSDALE, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Kimberly Johnson ("Johnson") filed suit under Title VII against Defendant–Appellee Maestri-Murrell Property Management ("Maestri-Murrell") claiming that Maestri-Murrell unlawfully discriminated against her when it denied her employment based on her race. The district court granted summary judgment in favor of Maestri-Murrell and dismissed the lawsuit with prejudice. We reverse and remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31175

## I.   BACKGROUND

This is the second appeal from the underlying action. In the first appeal, this Court reviewed the district court's grant of Maestri-Murrell's motion for summary judgment. *Johnson v. Maestri-Murrell Prop. Mgmt., LLC* (*Johnson I*), 487 F. App'x 134, 135 (5th Cir. 2012) (per curiam) (unpublished). In granting summary judgment, the district court reasoned that Johnson could not establish a prima facie case of discrimination because Johnson had not presented any evidence of causation. *Id.* at 137. Upon de novo review, we concluded that "[w]hether or not the evidence is deemed direct or circumstantial or both, it is clear that Johnson has established a prima facie case of racial discrimination, and the district court should have denied Maestri-Murrell's summary judgment motion." *Id.* We thus reversed and remanded "for further proceedings consistent with this opinion." *Id.* at 139.

On remand, the district court set a deadline for the parties to submit any motions for leave to re-urge summary judgment. Maestri-Murrell obtained leave and moved for reconsideration of its summary judgment motion, re-urging that Johnson was not qualified for the property manager position she applied for—a ground that the district court had purportedly not reached. The district court agreed with Maestri-Murrell, granted summary judgment, and dismissed the case with prejudice. Johnson timely appealed and asks this Court to reassign the case to a new district judge upon remand. The EEOC, as amicus curiae, filed a brief in support of Johnson.

## II.   DISCUSSION

First, we address the district court's application of the remand order from *Johnson I*. Because we reverse the district court on the ground that it violated the remand order, we need not reach the substantive merits of the

2

qualification issue raised on appeal.  Second, we address Johnson's request to have the matter reassigned to a new district court judge upon remand.[1]

## A. The District Court's Application of the Remand Order

"We review de novo a district court's interpretation of our remand order, including whether the law-of-the-case doctrine or the mandate rule forecloses any of the district court's actions on remand." *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010).  Under the law of the case doctrine, "an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *Id.* at 702 (citation and internal quotation marks omitted).  "The doctrine is 'based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter.'" *Id.* (quoting *United States v. U.S. Smelting Ref. & Mining Co.*, 339 U.S. 186, 198 (1950)).  "Exceptions to the doctrine allow reexamination of issues decided on appeal only if '(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work a manifest injustice.'" *Id.* (quoting *Fuhrman v. Dretke*, 442 F.3d 893, 897 (5th Cir. 2006)).

The mandate rule is a "specific application of the general doctrine of law of the case." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (citation and internal quotations marks omitted).  "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior

---

[1] Maestri-Murrell alternatively suggests that, even if Johnson satisfied her prima facie burden, "summary judgment was undoubtedly proper as to plaintiff's claim for reinstatement, front pay, and back pay to, at the very least, the date when defendant learned of plaintiff's dishonesty."  However, Maestri-Murrell does not suggest that it had moved for summary judgment as to the recovery period, or that the district court granted partial summary judgment as such.  This alternate request is therefore not properly before this Court as there is no judgment to review.  *See, e.g.*, *Am. River Transp. Co. v. US Mar. Servs., Inc. (In re Am. River Transp. Co.)*, 490 F.3d 351, 356 n.28 (5th Cir. 2007).

court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.*

In granting summary judgment, the district court treated Johnson's claim as built solely upon circumstantial evidence. A Title VII discrimination case, however, "can be established through either direct or circumstantial evidence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). In the absence of direct evidence of discrimination, a court evaluates the discrimination claim under the *McDonnell Douglas* burden-shifting framework.[2]  *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 (5th Cir. 2003). Conversely, when a plaintiff presents direct evidence of discrimination, the *McDonnell Douglas* analysis is inapplicable. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 n.3 (5th Cir. 2012).

The district court's grant of summary judgment violated the mandate rule in two respects, each of which independently requires reversal. First, regarding Johnson's direct evidence case, the district court ignored this Court's holding in *Johnson I* that Johnson presented sufficient direct evidence of discrimination to survive summary judgment. Second, regarding Johnson's circumstantial evidence case, the district court improperly relitigated Johnson's qualifications under the *McDonnell Douglas* analysis after *Johnson I* had decided the issue.

---

[2] The *McDonnell Douglas* framework requires a plaintiff to first demonstrate a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The burden of production then shifts to the defendant to establish a legitimate, non-discriminatory reason for its adverse employment action. *Id.* at 802–03. If the employer meets its burden, the plaintiff then bears the burden of persuading the trier-of-fact, by a preponderance of the evidence, that the employer intentionally discriminated against the plaintiff because of the plaintiff's protected status. *Id.* at 807. *See generally Laxton*, 333 F.3d at 578–79.

No. 12-31175

1. Johnson's Direct Evidence Case

Maestri-Murrell contends that the *Johnson I* Court "apparently found [Kimball's] statement insufficient alone to satisfy the direct evidence proof structure, opting instead to rely on the *McDonnell Douglas* analysis." Because "direct evidence proves the occurrence of discrimination without the need for inference," Maestri-Murrell continues, the *Johnson I* Court indicated that it did not apply a direct evidence analysis when it "[drew] all inferences from [the evidence] in Johnson's favor" to arrive at its holding. We disagree.

A plain reading of this Court's opinion in *Johnson I* reveals that it held Johnson's direct evidence of discrimination sufficient to survive summary judgment. The opinion provides two sections offering two separate analyses— one entitled "Evidence of Racial Discrimination" and the other entitled "*McDonnell Douglas* Framework"—each independently finding that summary judgment was premature. *Johnson I*, 487 F. App'x at 136–38. In the section entitled "Evidence of Racial Discrimination," the opinion is replete with statements that Johnson's direct evidence of racial discrimination was sufficient to defeat summary judgment:

> Whether or not the evidence is deemed direct or circumstantial or both, it is clear that Johnson has established a prima facie case of racial discrimination, and the district court should have denied Maestri-Murrell's summary judgment motion.
>
> . . .
>
> This case presents direct evidence of racial discrimination—sworn deposition testimony by Curtis that Kimball stated to her that she did not think that Maestri-Murrell wanted an African American as assistant manager at Azalea Point.
>
> . . .
>
> The district court erred in disregarding Kimball's alleged comments that Maestri-Murrell would not consider hiring an African American. To the contrary, the comments provide, at a minimum, evidence sufficient to defeat summary judgment.

. . .

The remarks, if true, provide evidence of discrimination.

. . .

The evidence included Johnson's resume, which, unlike other resumes that Maestri Murrell supplied during the EEOC's investigation and discovery, had no comments written on it by Kimball indicating her views. It also included the Curtis deposition.

*Id.* at 137.

This Court concluded, in the same section, that "[v]iewing all of this evidence and drawing all reasonable inferences from it in Johnson's favor, a jury could reasonably find that Kimball had screened Johnson out based on race prior to hiring Cedatol." *Id.* Maestri-Murrell's argument regarding the Court's drawing of inferences is inapposite; the Court was simply applying the summary judgment standard. *See id.* ("On summary judgment, the district court was required to view the evidence and draw all reasonable inferences from the evidence in the light most favorable to Johnson." (citation omitted)). Only after holding that Johnson had sufficient direct evidence to survive summary judgment did we proceed to *additionally* apply the *McDonnell Douglas* framework, consistent with our conclusion that "[w]hether or not the evidence is deemed direct or circumstantial or both, it is clear that Johnson has established a prima facie case of racial discrimination." *Id.* Accordingly, this Court in *Johnson I*, without having to apply the *McDonnell Douglas* framework, held that Johnson's direct evidence was sufficient to defeat summary judgment and remanded "for further proceedings consistent with this opinion." *Id.* at 139.

On remand from *Johnson I*, the district court applied only the *McDonnell Douglas* framework when it granted summary judgment and dismissed all claims. In so doing, the district court disregarded this Court's prior holding

that summary judgment was inappropriate because Johnson had presented sufficient direct evidence of discrimination. *See Turner*, 675 F.3d at 892 n.3 (stating that the *McDonnell Douglas* analysis is inapplicable where there is direct evidence of discrimination). Accordingly, the district court violated the mandate rule when it granted summary judgment and must be reversed.

2. Johnson's Circumstantial Evidence Case

With respect to Johnson's circumstantial evidence case, Maestri-Murrell argues that the district court's ruling did not violate the mandate rule because this Court's opinion in *Johnson I* "did not address in any detail the alternate ground for summary judgment upon which defendant's motion for reconsideration was based (qualifications)." Maestri-Murrell, however, cites no law—nor are we aware of any—to support the proposition that the law of the case doctrine and the mandate rule foreclose relitigation of only those issues discussed "in detail."

On the contrary, the Court need only have "expressly or impliedly *decided*" the issue. *Lee*, 358 F.3d at 321 (emphasis added). In *Johnson I*, this Court impliedly decided the issue of qualification when it held, upon de novo review, that Johnson met her prima facie burden on summary judgment. 487 F. App'x at 138. In fact, in *Johnson I*, Maestri-Murrell fully briefed the very same arguments regarding Johnson's qualifications that the district court adopted in its grant of summary judgment, and those arguments are now before us once again. *See* Brief on Behalf of Appellee at 20–26, *Johnson I*, 487 F. App'x 134 (No. 11-30914), 2012 WL 6018917, at *20–26. Having held in *Johnson I* that Johnson satisfied her prima facie burden on summary judgment, we necessarily decided the qualification issue that the district court and Maestri-Murrell now rely upon. *See, e.g.*, *Johnson v. Louisiana*, 351 F.3d 616, 621–22 (5th Cir. 2003) (requiring plaintiff to establish a prima facie case by evidence that, *inter alia*, she was qualified for the available position);

*Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am.*, 272 F.3d 276, 279 (5th Cir. 2001) (holding that if an issue was "fully briefed to the appellate court and . . . [a] necessary predicate[] to the [court's] ability to address the issue or issues specifically discussed, [those issues] are deemed to have been decided tacitly or implicitly, and their disposition is law of the case"). Indeed, we explicitly stated that Johnson "appeared to be qualified" for the position. *Johnson I*, 487 F. App'x at 138.

The district court therefore failed to follow our remand order with respect to Johnson's circumstantial evidence case because this Court's holding in *Johnson I* foreclosed its relitigation of the qualification issue. Accordingly, the district court violated the mandate rule and must be reversed.

## B. Johnson's Request for Reassignment upon Remand

According to Johnson, the district court's failure to follow *Johnson I* demonstrates the district judge's substantial difficulty in putting out of his mind his view that Johnson's discrimination claim is built upon circumstantial evidence. Therefore, Johnson continues, the matter should be reassigned to a new judge upon remand.

The "'power to reassign pending cases is an extraordinary one'; it is 'rarely invoked.'" *Johnson v. Sawyer*, 120 F.3d 1307, 1333 (5th Cir. 1997) (quoting *In re John H. McBryde*, 117 F.3d 208, 228–29 (5th Cir. 1997)). This Court has used two different tests. The first test is:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*In re DaimlerChrysler Corp.*, 294 F.3d 697, 700–01 (5th Cir. 2002) (citation omitted). The second test asks if the facts "might reasonably cause an objective observer to question [the judge's] impartiality." *Id.* at 701 (citation and internal quotation marks omitted).

Here, the single instance of the district court's failure to follow *Johnson I* does not warrant this rarely invoked extraordinary remedy. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis" for finding bias or partiality (citation omitted)). As the Supreme Court has held, judicial rulings in and of themselves "can only in the rarest circumstances evidence the degree of favoritism or antagonism required" to warrant recusal. *Id.* Because Johnson does not present any evidence that the district judge directed hostility toward her, we deny Johnson's request for reassignment.[3]

### III.    CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is REVERSED, and this matter is REMANDED for further proceedings consistent with this opinion. Johnson's request to have the matter reassigned upon remand is DENIED.

---

[3] At oral argument, Johnson expressed concern that "there's no jury request in this matter" and that the case was set for a bench trial. Johnson later answered in the affirmative when asked whether a jury trial would be an acceptable alternative to reassignment. We do not have authority, on this appeal, to determine whether such relief is proper because Johnson did not previously file a motion requesting a jury trial, which the district court must decide in the first instance.